IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESUS EMILIO RIVERA-PINON, § | |
| § | |
| Defendant/Movant, § | |
| § | |
| V. § | CIVIL ACTION  NO. H-12-3743 |
| § | CRIMINAL ACTION NO. H-93-167-7 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent. § | |

**MEMORANDUM AND RECOMMENDATION
GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' Motion for Summary Judgment Pursuant to Plea Agreement Waiver; Alternatively United States' Response and Motion to Dismiss (Document Nos. 573, 574, 575 in Criminal Action No. H-93-167; Document Nos. 8, 9, 10 in Civil Action No. H-12-3743), and Movant Jesus Emilio Rivera-Pinon's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence and Memorandum of Law in Support (Document Nos. 566 & 569 in Criminal Action No. H-93-167; Document Nos. 1 & 4 in Civil Action No. H-12-3743).   Having considered the Motion to Vacate, Set Aside or Correct Sentence and Memorandum in Support, the United States' Motion for Summary Judgment, the record of the proceedings before the District Court in the underlying criminal case, the determination on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion for Summary Judgment be GRANTED, that Movant Rivera-Pinon's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this  § 2255 proceeding be DISMISSED with prejudice.

I.      **Procedural History**

Movant Jesus Emilio Rivera-Pinon ("Rivera-Pinon"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Rivera-Pinon's first motion pursuant to § 2255.

On September 24, 1993, Rivera-Pinon was charged by Second Superseding Indictment, along with several co-defendants, including Juan Garcia Abrego, with conspiracy to possess with intent to distribute five kilograms or more of cocaine (count one), possession with intent to distribute five kilograms or more of cocaine (count six), and conspiracy to commit money laundering (count eighteen). (Document No. 36). It was not until late 2009, that Rivera-Pinon was arrested on those charges in connection with his extradition from Mexico.

On March 26, 2010, pursuant to a written Plea Agreement (Document No. 507), Rivera-Pinon pled guilty to count six of the Second Superseding Indictment. Thereafter, following the preparation of a presentence investigation report, to which Rivera-Pinon filed objections (Document No. 519), Rivera-Pinon was sentenced to 121 months incarceration, to be followed by a five year term of supervised release (Document No. 524). A Judgment of Conviction was entered on October 29, 2010 (Document No. 531).

Rivera-Pinon, despite having waived his right to appeal in connection with his written Plea Agreement, appealed his sentence to the Fifth Circuit Court of Appeals. On September 23, 2011, the Fifth Circuit dismissed Rivera-Pinon's appeal as frivolous (Document No. 562). The United States Supreme Court denied his petition for writ of certiorari on June 25, 2012 (Document No. 565). Rivera-Pinon then, on or about December 18, 2012, filed his § 2255 Motion to Vacate, Set Aside

or Correct Sentence (Document No. 566) and Memorandum in Support (Document No. 569).[1] The Government has filed a Motion for Summary Judgment Pursuant to Plea Agreement Waiver; Alternatively Response and Motion for Dismissal (Document Nos. 573-575), to which Rivera-Pinon has not filed a response in opposition. This § 2255 proceeding is ripe for ruling.

**II.     Claims**

Rivera-Pinon raises three claims in this § 2255 proceeding:

1. that his trial counsel was ineffective for failing to take steps to ensure that the the delay in extraditing him from Mexico would be credited on any sentence he received;

2. that he was denied due process by virtue of the delay in extraditing him from Mexico to face charges in this case; and

3. that the delay in his extradition from Mexico denied him his right to a speedy trial.

The Government argues in its Motion for Summary Judgment that dismissal of Rivera-Pinon's § 2255 Motion to Vacate, Set Aside or Correct Sentence is warranted because Rivera-Pinon, as part of his written Plea Agreement, knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence in a § 2255 proceeding such as this. In the alternative, the Government argues that no relief is available to Rivera-Pinon on the merits of his claims.

---

[1] Rivera-Pinon's § 2255 motion was signed by him and dated December 18, 2012. It was received by the Clerk and filed on December 26, 2012.

**III.   Discussion – Waiver**

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001). When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir.), *cert. denied,* 546 U.S. 962 (2005).

In this case, the record shows that Rivera-Pinon, as part of his written Plea Agreement, waived his right to appeal his sentence, including the manner in which his sentence was determined, and waived his right to collaterally challenge his conviction and/or sentence. The Plea Agreement provided in this respect:

**Waiver of Appeal**

> 7.   Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> a sentence imposed above the statutory maximum. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or

4

"collaterally attack" a conviction or sentence after the conviction or sentence has become final. The Defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

8.     In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take then into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.     The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement. **If the Defendant instructs his attorney to file a notice of appeal at the time sentence is imposed or at any time thereafter, the United States will seek specific performance of these provisions.**

Plea Agreement (Document No. ) at 3-4 (emphasis in original). In addition, at his Rearraignment, after making sure that Rivera-Pinon had had the Plea Agreement translated and read to him "from start to finish," and had conferred with his attorney about the contents of the Plea Agreement, *see* Rearraignment Transcript (Document No. 545) at 9-10, the Court carefully questioned Rivera-Pinon about the waiver provisions in the Plea Agreement:

> THE COURT: And back here in page 3, it states in a section down here toward the bottom of the page "waiver of appeal," that you're aware that you have the right to appeal the sentence imposed if you plead guilty here and are adjudged guilty and you agree, though, that it states to waive, that is, you give up your right to appeal, the sentence imposed or the manner in which it was determined.
>
> The Defendant may appeal only a sentence imposed above the statutory maximum. Do you understand what you're agreeing to in giving up your right to appeal to a higher court?

5

THE DEFENDANT: Yes.

THE COURT: And the statutory maximum is life in prison in this case.  Do you understand?

THE DEFENDANT: Yes, I understand.

THE COURT: And it also states that you're aware that under federal law, Title 28, US Code, Section 2255, the Defendant has a right to make a later attack, a collateral attack, on a conviction or sentence after it's final.  Have you talked about that with your lawyer?

THE DEFENDANT: Yes.

THE COURT:  Let me explain it, also.  What happens sometimes is [ ] that after a defendant pleads guilty and is found guilty and then he's sentenced and then he either has an appeal or he's waived and given up his right to appeal or whatever happens, the case becomes final and the defendant is in prison serving a sentence, sometimes the defendant then starts a new case, files a case to challenge that conviction, saying that something was done wrong.

    May be was denied his constitutional rights in some fashion.  His lawyer wasn't effective for him or whatever the accusation may be.  And what this sentence says is that you waive your right to contest your conviction or sentence by means of any post-conviction proceeding such as the type that I just was talking to you about.  Do you understand?

THE DEFENDANT: Yes, I understand.

THE COURT: And that's your agreement?

THE DEFENDANT: Yes, yes.

THE COURT: Now, in this next paragraph, there's some bold print there that states that you understand that any kind of estimate that you might have gotten about what your sentence might be, that this is a prediction.  It's not a promise, and then it has in this bold print "did not induce his guilty plea," in other words, no matter what you may have been told about what your sentence might be, that that's not a basis for your – it's only a prediction and it's not binding on the judge and it does not induce and is not the reason for your guilty plea.  Do you understand?

THE DEFENDANT: Yes.

>THE COURT: And down here at the bottom of the page, it states some bold print where it states that – that if you try to appeal the sentence at a later time, then the Government is going to move for specific performance, that is, they're going to enforce this agreement against you that you're not going to appeal the sentence. Do you understand?
>
>THE DEFENDANT: Yes.

*Id.* at 10-13. Following additional admonishments, the Court determined that Rivera-Pinon was competent and capable of entering a knowing and voluntary plea. *Id.* at 24.

Rivera-Pinon's plea agreement waiver of his right to collaterally attack his conviction and/or sentence with a § 2255 motion is, upon this record, enforceable. Rivera-Pinon has not alleged that his Plea Agreement or the waivers contained therein were not knowing and voluntary. In addition, Rivera-Pinon has not asserted any ineffectiveness claims which have any bearing on the knowing and voluntary nature of his Plea Agreement and the waivers contained therein. Rather, Rivera-Pinon's claims all relate to the delay in the extradition proceedings – a delay which existed prior to the entry of his guilty plea and the execution of the written plea agreement – any complaints about which were waived upon the entry of a knowing and voluntary guilty plea. *See United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991) ("A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction."); *Taylor v. Whitley*, 953 F.2d 325, 327 (5th Cir. 1991) ("As a general rule, therefore, a convicted defendant may not collaterally attack a voluntary and intelligent guilty plea."), *cert. denied*, 503 U.S. 988 (1992); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) ("In the Fifth Circuit, a speedy trial violation is a non-jurisdictional defect waived by a guilty plea.").

The record conclusively shows that Rivera-Pinon's guilty plea, and the attendant waiver of his right to collaterally attack his conviction and sentence, were knowing and voluntarily. Rivera-Pinon affirmed having had the entire Plea Agreement translated and read to him, affirmed having discussed the contents of the Plea Agreement with counsel, affirmed that the Plea Agreement contained the entirety of his agreement with the Government, and acknowledged that any sentence prediction that he had received from his counsel or the Government was a prediction, not a promise. In addition, Rivera-Pinon's sentence does not exceed the statutory maximum – that is, the maximum sentence allowed by statute, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (statutory maximum life), does not reflect an upward departure from the Sentencing Guidelines, and does not implicate *Booker*. *See United States v. Bond*, 414 F.3d at 542, 545-46 (2005) (construing phrase "statutory maximum" in a plea agreement waiver to mean "'the upper limit of punishment that Congress has legislatively specified for violations of a statute'"). As such, based on the knowing and voluntary nature of Rivera-Pinon's plea, and the associated waiver of his right to collaterally challenge his conviction and/or sentence, the claims Rivera-Pinon raises in this § 2255 proceedings are subject to dismissal with prejudice.

**IV.    Conclusion and Recommendation**

Based on the foregoing and the conclusion that Rivera-Pinon knowingly and voluntarily waived his right to collaterally attack his conviction and/or sentence, the Magistrate Judge

RECOMMENDS that the United States' Motion for Summary Judgment Pursuant to Plea Agreement Waiver (Document No. 573) be GRANTED, that Movant Jesus Emilio Rivera-Pinon's

28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 566) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 3rd day of May, 2013.

/s/ Frances H. Stacy
Frances H. Stacy
United States Magistrate Judge